F I L E D
United States Court of Appeals
Tenth Circuit

JUN 2 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHESTER LOYDE BIRD,

      Petitioner-Appellant,

vs.

VANCE EVERETT, Warden,
Wyoming State Penitentiary, and
WYOMING ATTORNEY GENERAL,

      Respondents-Appellees.

No. 99-8108
(D.C. No. 98-CV-183)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant, Chester L. Bird, seeks to appeal from the dismissal of

his habeas petition, 28 U.S.C. § 2254. The parties are familiar with the facts and

we need not restate them here. See Bird v. State, 901 P.2d 1123 (Wyo. 1995);

Bird v. State, 939 P.2d 735 (Wyo. 1997). On appeal, Mr. Bird contends that the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

district court erred in holding that he could not demonstrate that his claims met the standards for habeas relief contained in 28 U.S.C. § 2254(d) & (e), and in dismissing one claim without prejudice (that his sentence was unlawfully lengthened) for failure to exhaust administrative remedies.

The state supreme court's apparent determination that Mr. Bird entered a knowing and voluntary plea despite the trial court's initial overstatement of the penalty (as three consecutive life sentences when only two consecutive life sentences were possible), see Bird, 901 P.2d at 1130, is neither contrary to, nor an unreasonable application of clearly established Supreme Court precedent. See Williams v. Taylor, 120 S. Ct. 1495, 1522 (2000) (O'Connor, J.). Mr. Bird's contentions that trial and appellate counsel were ineffective must fail. The failure to raise meritless claims does not constitute deficient performance. Moreover, Mr. Bird cannot show prejudice as to trial counsel's advice on this record, i.e. "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Mr. Bird's allegations that he was coerced into pleading guilty do not constitute clear and convincing evidence that would undermine the state court's contrary factual determinations, see Bird, 939 P.2d at 737-38; see also 28 U.S.C. § 2254(e)(1).

Mr. Bird claims that his two concurrent life sentences without parole were

stopped, lengthened and reinstated when a previous sentence was reinstated prior to revocation of parole on that previous sentence. The district court dismissed this claim for failure to exhaust state court remedies, though the parties contend otherwise citing various state court proceedings. Mr. Bird essentially maintains that the claim is exhausted. See I R. doc. 1 (ground six); doc. 18 at 7. Respondents mantain that the claim is exhausted and/or procedurally barred. See id. doc. 3 at 8; doc. 5 at 18-22; doc. 19 at 4. The claim could be construed as a challenge to the execution of Mr. Bird's sentence under 28 U.S.C. § 2241, see Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000); regardless, the district court should have dismissed this claim with prejudice–we are in agreement with Respondents that a federal constitutional claim is not presented. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The judgment so modified, we DENY Mr. Bird's motion for leave to proceed on appeal without prepayment of costs or fees, DENY his application for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge